# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARISADHAN PATRA and : No. 4:14-CV-02265
PETULA VAZ, :
: (Judge Brann)
Plaintiffs, :
:
v. :
:
PENNSYLVANIA STATE SYSTEM :
OF HIGHER EDUCATION, *et al.*, :
:
Defendants. :

## ORDER

**MAY 25, 2017**

**FINDINGS**:

1. The Court held a telephonic status conference on May 24, 2017 to address recent correspondence from both parties regarding disputes about upcoming depositions. ECF Nos. 53, 55.

2. The deposition schedule was coordinated by Plaintiff's third (and now former) counsel of record.

3. After Plaintiffs terminated that counsel, they independently confirmed the deposition schedule with counsel for Defendants. ECF No. 56.

4. "Termination and substitution of counsel does not afford Plaintiff a *tabula rasa* from which she may litigate anew. Instead, new counsel must stand in the shoes of her prior advocates—regardless of how

worn they may be—and pick up where prior counsel left off, in a case whose scope has largely been settled for at least the past five years." *Summy-Long v. Pennsylvania State Univ.*, No. 1:06-CV-1117, 2015 WL 5924505, at *3 (M.D. Pa. Oct. 9, 2015) (Brann, J.).

5. As to the instant dispute, Federal Rule of Civil Procedure 30(d)(1) provides that a deposition is "limited to 1 day of 7 hours." Nevertheless, the Court may impose sanctions, including attorney's fees, on any party who "impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). As discussed on the status call, this may be the case where vexatious or otherwise uncooperative conduct results in a deposition of unreasonable length.

6. Rule 30(d)(3) also provides that the Court may issue a protective order limiting a deposition's scope. Rule 26(c) governs the issuance of such orders and states that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Moreover, it is axiomatic that "the party seeking discovery must first demonstrate the relevance before the party seeking a protective order must demonstrate good cause." *Bell v. Lockheed Martin Corp.*, 270 F.R.D. 186, 195 (D.N.J. 2010).

7. As to the scope of a deposition, Rule 26(b)(1) provides that the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Typically, "the fact that a question is repetitive or irrelevant is not an appropriate ground for instructing a witness not to answer a question, since it does not involve a matter of privilege." *Hearst/ABC-Viacom Entm't Servs. v. Goodway Mktg., Inc.*, 145 F.R.D. 59, 63 (E.D. Pa. 1992). "The proper procedure to follow when an objection is raised to a question propounded in a deposition is for the attorney who raises the objection to note his objection but to allow the question to be answered." *Id.*

8. In addition, under Rule 37(a)(3)(B)(i), a party may file a motion to compel responses to questions that a deponent failed to answer. A court may deny a motion to compel if it "determines that the questions are irrelevant." *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 732 (11th Cir. 1984); *Alexander v. F.B.I.*, 192 F.R.D. 23 (D.D.C. 2000); *Fowkes v. Dravo Corp.*, 7 F.R.D. 291 (E.D. Pa. 1947). Thus, the Court enjoys "broad discretion" to deny a motion to compel that is "unnecessarily burdensome and overly broad." *Doe v. Presiding Bishop of Church of Jesus Christ of Latter-Day Saints*, 837 F. Supp.

2d 1145, 1157 (D. Idaho 2011) (quoting *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir.1987)).

9. Regarding production of physical documents, Rule 45(a)(C) explains that "[a] command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition." However, that same rule states that the Court *must* quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "To determine whether a subpoena imposes an undue burden, the Court must consider (1) the relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 252 (E.D. Pa. 2014) (Baylson, J.).

10. "It is well established that the scope and conduct of discovery are within the sound discretion of the trial court . . . and that after final judgment of the district court . . . our review is confined to determining if that discretion has been abused." *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983) (Aldisert, J.).

"To find such abuse it is usually necessary to conclude that there has been an interference with a substantial right . . . or that the discovery ruling is seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Id.* Thus, the United States Court of Appeals for the Third Circuit has forewarned litigants that it "will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817–18 (3d Cir. 1982) (Aldisert, J.).

11. "Discovery need not be perfect, but discovery must be fair." *Boeynaems v. LA Fitness Int'l, LLC*, 285 F.R.D. 331, 333 (E.D. Pa. 2012) (Baylson, J.). "The responses sought must comport with the traditional notions of relevancy and must not impose an undue burden on the responding party." *Hicks v. Arthur*, 159 F.R.D. 468, 470 (E.D. Pa. 1995). "[T]he scope of [ ] discovery is not without limits." *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). As such, "[d]iscovery should be tailored to the issues involved in the particular case." *Id.*

**AND NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. The remaining depositions shall proceed on the existing dates and for the specified time periods as previously agreed upon by the parties and memorialized at ECF No. 56.

2. The deposition of Dr. Petula Vaz will occur on June 5, 2017.

3. The deposition of Dr. Harisadhan Patra will occur on June 8, 2017.

4. The depositions of both Plaintiffs will occur at a location determined by the Defendants within the campus of Bloomsburg University in Bloomsburg, Columbia County, Pennsylvania. The Defendants shall notify Plaintiffs of that designated location as soon as practicable.

5. Plaintiffs have failed to show that the deposition of Dr. Kurt Smith would be relevant to any party's claim or defense and proportional to the needs of the case. Accordingly, that deposition is disallowed.

6. To the extent necessary, Plaintiffs should communicate with counsel for the Pennsylvania State System of Higher Education in regard to non-party witness issues, if any.

7. The present case management deadlines shall remain in full force and effect.

8. The Clerk of Court is directed to docket this Order as a "written opinion," pursuant to the E-Government Act of 2002.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge