# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARISADHAN PATRA and PETULA VAZ, | No. 4:14-CV-02265 |
| Plaintiffs. | (Judge Brann) |
| v. | |
| THE PENNSYLVANIA STATE SYSTEM OF HIGHER EDUCATION, et al., | |
| Defendants. | |

## MEMORANDUM OPINION

### MAY 8, 2018

Defendants moved for summary judgment on all counts of Plaintiffs' Amended Complaint. For the reasons that follow, that motion will be granted.

## I.  BACKGROUND

Plaintiffs Harisadhan Patra and Petula Vaz were formerly employed as professors at Bloomsburg University. They brought the instant suit in 2014, after their teaching contract was not renewed.

Plaintiffs' Amended Complaint argues that their termination was discriminatorily based on their race, national origin, and religion, and was intended as retaliation for Plaintiffs' decision to speak out about Bloomsburg University's

alleged practice of falsifying student progress and graduation data.¹ It contains eleven counts, including three based on Title VII of the Civil Rights Act,² one based on the Pennsylvania Human Relations Act,³ two based on the United States Constitution,⁴ two based on the Pennsylvania Whistleblower Law,⁵ and three based on state tort law.⁶

Defendants moved for summary judgment on October 16, 2017.⁷ Plaintiffs filed an opposition to that motion on November 30, 2017.⁸ Accompanying Plaintiffs' brief was a <u>336</u>-page "Counterstatement of Undisputed Material Facts" containing <u>550</u> numbered paragraphs.⁹

## II. DISCUSSION

### A. Standard of Review

Summary judgment is granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

1. ECF No. 7.
2. *Id.* ¶¶ 100-22.
3. *Id.* ¶¶ 123-31
4. *Id.* ¶¶ 132-43.
5. *Id.* ¶¶ 144-50.
6. *Id.* ¶¶ 151-72.
7. ECF No. 70.
8. ECF No. 78.
9. ECF No. 79.

matter of law."[10] A dispute is "genuine if a reasonable trier-of-fact could find in favor of the non-movant," and "material if it could affect the outcome of the case."[11] To defeat a motion for summary judgment, then, the nonmoving party must point to evidence in the record that would allow a jury to rule in that party's favor.[12] When deciding whether to grant summary judgment, a court should draw all reasonable inferences in favor of the non-moving party.[13]

### B. Plaintiffs Have Failed to Sustain Their Burden at the Summary Judgment Stage

Although twice as long as the Local Rules permit,[14] Plaintiffs' brief utterly fails to explain why this Court should not grant summary judgment to Defendants on each and every one of Plaintiffs' claims.

On their Title VII claims, for example, Plaintiffs have failed to explain why their termination was "under circumstances that raise an inference of discriminatory action."[15] Instead—as is characteristic of the rest of their brief—

---

[10] Federal Rule of Civil Procedure 56(a).

[11] *Lichtenstein v. Univ. of Pittsburgh Medical Ctr.*, 691 F.3d 294, 300 (3rd Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 252 (1986).

[12] Federal Rule of Civil Procedure 56(c)(1); *Liberty Lobby*, 477 U.S. at 249.

[13] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

[14] LR 7.8(b).

On October 11, 2017, this Court allowed the parties thirty pages for "briefs <u>in support</u> of Motions for Summary Judgment." ECF No. 69. This Court did not, however, grant the parties leave to depart from the Local Rules when filing briefs <u>opposing</u> summary judgment.

[15] *Sarullo v. United States Postal Service*, 352 F.3d 789, 797 (3d Cir. 2003).

they simply "refer to" a 200-page-long section of their Counterstatement.[16] Plaintiffs also fail to explain what "adverse employment actions"[17] were taken by Defendants, and simply instruct this Court to "[s]ee" a nearly 120-page-long section of the Counterstatement.[18]

Similarly, on their First Amendment retaliation claim, Plaintiffs have failed to point to evidence showing that they engaged in any constitutionally-protected speech.[19] Their brief's instruction to "[s]ee" a specific paragraph of the Counterstatement "for evidence" of such "[p]rotected [a]ctivit[y]" leads this Court only to an extended discussion attempting to explain why Bloomsburg's data reporting was erroneous[20]—not to any evidence showing how Plaintiffs spoke out "as a citizen, [and] not as an employee," about that allegedly false reporting.[21]

All of Plaintiffs' other claims are similarly unsupported.

### III. CONCLUSION

To avoid summary judgment, a party must point to "specific facts showing that there is a genuine issue for trial."[22] This Court is under no obligation to

---

[16] ECF No. 78 at 22; ECF No. 79 ¶¶ 9, 11, 15-16, 358-428, 429-514.

[17] *Sarullo*, 352 F.3d at 797.

[18] ECF No. 78 at 19; ECF No. 79 ¶¶ 356-75, 413-20, 435-514.

[19] *Bradley v. West Chester University of Pennsylvania State System of Higher Education*, 880 F.3d 643, 650 (3d Cir. 2018).

[20] ECF No. 78 at 18; ECF No. 79 ¶ 130.

[21] *Bradley*, 880 F.3d at 650-51.

[22] *Anderson*, 744 U.S. at 250.

consider uncited record evidence,[23] nor does it have any obligation to act as Plaintiffs' counsel.[24]

Plaintiffs have failed to sustain their burden at this stage. Therefore, summary judgment will be entered in favor of Defendants. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[23] Federal Rule of Civil Procedure 56(c)(3); *see also Doeblers' Pennsylvania Hubrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006) ("Judges are not like pigs, hunting for truffles buried in the record." (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

[24] *Mala v. Crown Bay Marina, Inc.* 704 F.3d 239, 244 (3d Cir. 2013).

Plaintiffs are acting *pro se* after having been represented by five different attorneys from four different law firms. After Plaintiffs terminated their last two attorneys, this Court encouraged Plaintiffs to find other counsel to assist them, but Plaintiffs refused and stated that they were "uniquely positioned to prosecute their own case." ECF No. 41 at 1.